

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
  JUDGE

**LETTER OPINION**

January 5, 2009

John Allen
292 Livingston Avenue
New Brunswick, NJ 08901
(*Attorney for Plaintiffs*)

Andrew Kelly
Kelly & Brennan, PC
1800 Route 34
Suite 403
Wall Township, NJ 07719
(*Attorney for Defendants Bethany Singh, Keith Lynch, and Leadracer.com, Inc.*)

Daniel Eichorn
Schiffman, Abraham, Kaufman & Ritter, PC
P.O. Box 568
Hackensack, NJ 07602
(*Attorney for Domain Capital, LLC*)

Re:   Kiah et al. v. Singh et al.
      Civil Action No. 2:07-CV-00610 (WJM) (MF)

Dear Litigants:

   This matter comes before the Court upon two motions: (1) a Motion to Dismiss for Lack of In Personam Jurisdiction and Improper Venue filed by Defendants Singh, Lynch, and Leadreacer.com; and (2) a Motion for Sanctions filed by Domain Capital, LLC.  Oral arguments were held on July 8, 2008.  For the reasons stated below, the motions are **DENIED**.

## **BACKGROUND**

This breach of contract and fraud case involves the purchase and development of certain internet businesses and their related websites. Plaintiff Keith Kiah, a resident of New Jersey, entered into several agreements with Defendants Singh, Lynch, and Leadracer.com, residents of Florida ("Florida Defendants"), for the acquisition of two internet businesses and the provision of consulting services related to the businesses. Although the Amended Complaint lays forth the details of the contract dispute, the Court will recite only the facts pertinent to the motions.

In May 2006, Plaintiff Kiah entered into a contract to purchase an internet business, "www.markesharefinancial.org," from Florida Defendants for approximately $25,000. Concurrently, Florida Defendants entered into a separate agreement with Plaintiff Kiah to provide internet consulting services related to the business. Although the parties dispute whether Plaintiff Kiah initiated the contact by responding to an internet advertisement regarding the sale of the business or whether Defendant Lynch solicited Plaintiff Kiah by email, it is clear that Plaintiff Kiah and Florida Defendants engaged in numerous discussions by email, telephone, fax, and mail to negotiate and execute the contract.

In July 2006, Plaintiff Kiah entered into an additional agreement with Florida Defendants for the purchase and development of a second business, "AmericanHomeTrustGroup.com," and its related website. Plaintiff Kiah asserts that he provided Florida Defendants with $15,000 as a down payment and entered into a financing arrangement with Florida Defendants for the balance of the purchase price. Again, the parties dispute whether Florida Defendants solicited Plaintiff Kiah or whether Plaintiff Kiah initiated the contact. It is similarly clear that the parties engaged in extensive communications and negotiations regarding the purchase and development of this business by email, telephone, fax, and mail.

It appears that the contract dispute among the parties arose out of difficulties in the development and finance of the businesses. Plaintiffs allege among others that Florida Defendants failed to provide consulting services as required under the agreements, breached the terms of the financing agreement for the purchase of "AmericanHomeTrustGroup.com" by accelerating the payment of the financed amount, and made unreasonable demands for access to Plaintiff Kiah's bank account. After Plaintiff Kiah failed to cooperate with Florida Defendants' demands, it is alleged that Florida Defendants shut down the websites related to the businesses and attempted to re-sell both businesses.

In January 2007, Plaintiffs filed this Complaint in the Superior Court of New Jersey alleging various state law claims, including breach of contract, tortious interference with business opportunities, defamation, libel, slander, racial discrimination, breach of warranties, consumer fraud, fraud, unjust enrichment, and theft by deception. On February 6, 2007, Florida Defendants removed the action to this Court based upon diversity jurisdiction. On May 15, 2007, Florida Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue. Plaintiffs then submitted an Amended Complaint, which included the addition of certain parties and claims. After several extensions, Plaintiffs filed an opposition to Florida Defendants' motion on June 20, 2007.[1] The additional defendants included in the Amended Complaint all moved for dismissal on various grounds. Defendant Domain Capital, LLC, also sought sanctions against Plaintiffs pursuant to Rule 11 and 28 U.S.C. § 1927. The Court held oral argument regarding these motions as well as other motions on July 8, 2008. During oral arguments, the Court granted various defendants' motions to dismiss the Amended Complaint and reserved on Florida Defendants' motion to dismiss and Domain Capital's motion for sanctions. These motions are now properly before the Court.

## ANALYSIS

**1.     Florida Defendants' Motion to Dismiss**

Florida Defendants have moved to dismiss the Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and improper venue. First, they argue that they lack sufficient minimum contacts with New Jersey for this Court to exercise personal jurisdiction. Second, they assert that the contracts at issue in this action contain forum selection clauses designating Florida as the exclusive jurisdiction and venue. The Court will address the arguments in turn.

      a.     **Personal Jurisdiction**

A motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) shifts the burden to the plaintiff to establish sufficient facts showing that jurisdiction is proper. *See Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). As this court has not held an evidentiary hearing on the motion to dismiss for lack of personal jurisdiction, the "plaintiff need only establish a prima facie

---

[1] Florida Defendants argue that Plaintiffs failed to timely oppose the motion. (Defs.' Reply Br. 1-2.) The Court disagrees and finds that Plaintiffs timely filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss on June 20, 2007 in accordance with the briefing schedule set forth in the Court's Order dated June 14, 2007. Plaintiffs' submission referred to previously submitted certifications made by Plaintiff Kiah and Plaintiffs' counsel. These documents were resubmitted to the Court on June 21, 2007 as a courtesy to the Court. Therefore, the Court will properly consider these certifications.

3

case of personal jurisdiction," and the Court must accept Plaintiffs' allegations as true and resolve all disputed facts in their favor.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).

      This Court has personal jurisdiction over non-resident defendants to the extent authorized under New Jersey law.  *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144 (3d Cir. 1992).  In New Jersey, the appropriate exercise of personal jurisdiction over non-resident defendants is allowed to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *See Miller Yacht Sales, Inc.*, 384 F.3d at 96.  To assert *in personam* jurisdiction over a non-resident defendant consistent with the Fourteenth Amendment, a plaintiff must show that the defendant had minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

      Personal jurisdiction arises when the defendant ""purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  In other words, a defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).  To demonstrate such conduct, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')."  *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).

      With regards to general personal jurisdiction, Plaintiffs have failed to provide any facts indicating that Florida Defendants' contacts with New Jersey are continuous and systemic.  Defendant Singh and Lynch are residents of Florida and do not regularly travel to New Jersey.  (Singh Aff. ¶¶ 3, 8-9; Lynch Aff. ¶¶ 3, 6.)  Defendant Leadracer.com has no offices in New Jersey, is not registered to do business in New Jersey, and does not appear to have any significant number of New Jersey customers.  (Singh Aff. ¶¶ 4, 6-7.)  Furthermore, Florida Defendants do not own any property in New Jersey.  (Singh Aff. ¶ 6; Lynch Aff. ¶ 4.)  Therefore, the Court concludes that Florida Defendants lack the continuous and systemic New Jersey contacts necessary to support general personal jurisdiction.  *See Provident Nat'l Bank*, 819 F.2d at 437 (holding that the exercise of general personal jurisdiction requires contacts that are significantly more than mere minimum contacts).

In analyzing specific personal jurisdiction, courts are directed to examine the relationship among the parties, the forum, and the litigation. *Miller Yacht Sales*, 384 F.3d at 96 (citation omitted). A single contact with the forum can be sufficient to create a substantial connection, so long as the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472. Even if sufficient contacts are established, the Court must also assess whether exercising jurisdiction in such a case comports with notions of fair play and substantial justice. *Id*. at 476. Thus, a finding of specific personal jurisdiction requires courts to examine whether: (1) the defendant purposefully directed its activities at the forum state or otherwise purposefully availed itself to the privileges of conducting activities within the state; (2) the plaintiff's claims arise out of or relate to one of those specific activities; and (3) the assertion of jurisdiction comports with notions of fair play and substantial justice.[2] *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

In turning to the facts of this case, the Court finds that Florida Defendants' conduct in soliciting, negotiating, and executing the contracts at issue as well as performing under the agreements to provide consulting services are sufficient to establish purposeful availment of the New Jersey forum. First, resolving disputed facts in favor of Plaintiffs, Florida Defendants initiated contact with Plaintiff Kiah in his New Jersey home by email. (Kiah Cert. ¶¶ 2, 13.) Furthermore, even after Florida Defendants were aware of Plaintiff Kiah's residence in New Jersey, Florida Defendants approached and initiated contact with Plaintiff Kiah regarding the purchase of the second business and provision of consulting services. (Kiah Cert. ¶¶ 4, 13.) Second, there is no question that the parties engaged in extensive negotiations over email, telephone, fax, and mail regarding the contracts. Although these contacts alone are not sufficient, they may be included in the Court's assessment of whether Florida Defendants have purposefully availed themselves of the New Jersey forum. *See Grand Entm't Group v. Star Media Sales, Inc*., 988 F.2d 476, 482 (3d Cir. 1999). These mutual communications are relevant as they are related to the circumstances giving rise to this action for breach of contract and other related claims. Third, Florida Defendants performed their consulting services pursuant to the contracts knowing that their services would be delivered to a New Jersey resident and business. (Kiah Cert. ¶ 13.) Thus, breaches of the consulting contracts may have occurred when

---

[2] Although courts must generally examine specific personal jurisdiction on a claim-by-claim basis for each defendant, it is appropriate for the Court to examine personal jurisdiction for the claims as a whole when the claims are all premised upon the same facts. *See O'Connor v. Sandy Lane Hotel Co., Ltd*., 496 F.3d 312, 318 n. 3 (3d Cir. 2007). Plaintiffs' Amended Complaint states factually overlapping claims based upon the contracts at issue, and thus, the Court need not address each claim separately. Furthermore, the Court need not address each individual Florida Defendants' contacts with New Jersey, as Florida Defendants do not contest that Defendants Singh and Lynch are agents of Defendant Leadracer.com and that all Florida Defendants were involved in the sale and development of the businesses.

their services were not delivered to the New Jersey resident and business as required under the terms of the contracts. Fourth, Plaintiffs assert that Florida Defendants improperly accessed his New Jersey bank accounts pursuant to the contractual relationship. (Kiah Cert. ¶ 13.) As this improper access appears to be part of Plaintiffs' breach of contract and related claims, the improper access to New Jersey bank accounts may contribute to the Court's assessment of the quality of Florida Defendants' contacts.

The Court is not persuaded by Florida Defendants' contention that they lacked sufficient minimum contacts with New Jersey because: (1) their advertisement for the sale of the businesses and websites were merely posted on the internet and cannot evidence purposeful availment of the New Jersey forum; (2) Florida Defendants never traveled to New Jersey in relation to these contracts; and (3) the contracts did not contemplate performance in New Jersey. (Florida Defs.' Mem. Law in Support of Mot. To Dismiss 4.) First, although the posting of an internet advertisement alone is insufficient to establish personal jurisdiction, *Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001), the Court may appropriately consider a defendant's related non-internet activities in assessing purposeful availment. *See* Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 453 (3d Cir. 2003). As discussed above, the Court finds that there are sufficient internet and non-internet contacts to show Florida Defendants' purposeful availment of the New Jersey forum. Second, a finding of purposeful availment does not require a physical entrance into the forum state by a defendant. *Burger King*, 471 U.S. at 476. Finally, it is not pertinent to the Court's analysis that the contracts may not have contemplated performance in New Jersey. It is undisputed that the Florida Defendants engaged in a close business relationship with Plaintiffs, whom they knew resided in New Jersey. Furthermore, although the contracts did not contemplate performance of the consulting contracts to occur in New Jersey, it is clear that the Florida Defendants understood that the consulting services would be delivered to Plaintiffs in New Jersey based upon the quality and quantity of their communications.

The totality of the circumstances directs a conclusion that Florida Defendants had sufficient contacts with New Jersey to constitute purposeful availment of New Jersey, and that these contacts were clearly instrumental in the formation of the contracts for the sale of the businesses and provision of consulting services to Plaintiffs. *See, e.g., O'Connor*, 496 F.3d at 318, 320 (concluding that the mailing of seasonal newsletters and brochures to plaintiff's home and the trading of phone calls for the purpose of forming a contract was sufficient to show purposeful contact with a state).

Given the Court's conclusion that minimum contacts exist, Florida Defendants have not articulated a compelling case that there is an absence of fairness or lack of

substantial justice.[3] *See O'Connor*, 496 F.3d at 324 (listing the following factors in assessing the reasonableness of jurisdiction: burden on defendant, forum state's interest in resolving the dispute, plaintiff's interest in obtaining efficient relief, and the judicial system's interest in obtaining the most efficient resolution of disputes).  On balance, the Court finds that jurisdiction in New Jersey would not be unreasonable as Florida Defendants do not claim any particular burden or hardship, and New Jersey has slightly more interest over the dispute as it relates to alleged fraud against its citizen.  The latter two factors actually weigh slightly against jurisdiction in New Jersey as Plaintiffs will need to take a judgment obtained in New Jersey, if any, and have it enforced in Florida.  Nevertheless, the Court cannot find that these factors would render jurisdiction in New Jersey unreasonable.  Therefore, this Court finds that the exercise of personal jurisdiction over Florida Defendants is appropriate.

        b.      **Improper Venue**

The Court finds that venue is proper at this stage of the litigation.  Florida Defendants argue that the contracts at issue contained forum selection clauses selecting the State of Florida.  In support of their motion, Defendants Singh and Lynch affirmed that the contracts contained forum selection clauses, and Florida Defendants provided the Court with those contracts.  (Singh Aff. ¶ 12; Lynch Aff. ¶ 9; Florida Defs.' Mem. Law in Support of Mot. To Dismiss Ex. A.)  Plaintiff Kiah submitted an affidavit stating that the contracts submitted by Florida Defendants contain a forged signature and were never signed by him.  (Kiah Cert. ¶ 12.)  In the face of contradictory certified statements, the Court cannot conclude that the contracts contained appropriate forum selection clauses.  Thus, venue in New Jersey is presently proper.

2.      **Motion for Sanctions**

Domain Capital, LLC, ("Domain Capital") was formerly a defendant in this action.  Prior to dismissal, Domain Capital filed a motion for sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.  During a hearing held on July 8, 2008, the Court dismissed Plaintiffs' Amended Complaint with prejudice and reserved on the motion for sanctions.

Domain Capital argues that the filing of the Amended Complaint and continued prosecution of the action justifies the imposition of sanctions.  Specifically, Domain Capital asserts that the Amended Complaint is: (1) vague and ambiguous; (2) fails to state what actions are attributable to it; and (3) and fails to provide how it caused damage to

---

[3] Florida Defendants' argument that there was a forum selection clause in the contracts at issue will be discussed in greater detail in the Court's discussion regarding venue.

Plaintiffs.  Furthermore, Domain Capital alleges that the singular motivation behind its addition as a party in the Amended Complaint was to defeat diversity in this action.  In essence, Domain Capital seeks to portray Plaintiffs' action against it as unreasonable and brought for an improper purpose.

Rule 11 requires the Court to evaluate whether Plaintiffs' actions are reasonable under the circumstances.  Reasonableness is "defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted).  The imposition of sanctions, however, is generally reserved for those "'exceptional circumstance' [ ], where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citations omitted).

Although the Court notes that Plaintiffs' action against Domain Capital failed to state a claim, the Court cannot find that such action was patently unmeritorious or frivolous.  Count Sixteen of the Amended Complaint alleges that Florida Defendants engaged in fraud with representatives from Domain Capital.  Specifically, Plaintiffs allege that Domain Capital representatives conspired to seek financing under Plaintiff Kiah's identity despite his request not to be involved.  There appears to be no dispute that Domain Capital accepted and evaluated a financing application with Defendant Kiah's information.  The extent to which Domain Capital was involved in this alleged conspiracy could not be verified by Plaintiffs without discovery given that this information rested exclusively with the defendants.  The fact that the addition of Domain Capital would destroy diversity may heighten this Court's scrutiny of Plaintiffs' motive.  Nevertheless, the Court cannot clearly discern whether Plaintiffs' motive was purely forum shopping or merely proper legal maneuvering.  Thus, the imposition of sanctions pursuant to Rule 11 are unwarranted.

Similarly, as there is no evidence of bad faith, sanctions pursuant to Section 1927 are inappropriate.  Thus, the Court will deny Domain Capital's motion for sanctions.

## **CONCLUSION**

For the reasons stated above, Florida Defendants' motion to dismiss is **DENIED**.  Domain Capital's motion for sanctions is also **DENIED**.   An appropriate order follows.

s/William J. Martini
**William J. Martini, U.S.D.J.**